NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  FACEBOOK, INC.,**
*Appellant*

---

2017-2524

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/715,636.

---

Decided:  August 14, 2018

---

JASON R. GERMAN, Baker Botts  LLP, Palo Alto, CA, argued for appellant.

MEREDITH HOPE SCHOENFELD, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, MAI-TRANG DUC DANG, JOSEPH MATAL.

---

Before PROST, *Chief Judge,* MOORE and STOLL,
*Circuit Judges.*

PROST, *Chief Judge.*

This is an appeal from a final rejection of a patent application  concerning  a  method  for  arranging  images

contiguously in an array. The U.S. Patent and Trademark Office Patent Trial and Appeals Board affirmed a patent examiner's rejection for obviousness and anticipation. The applicant appeals. Because the Board's reading of the relevant prior art reference cannot be supported by substantial evidence, we reverse and remand.

BACKGROUND

Appellant Facebook, Inc., filed U.S. Patent Application No. 13/715,636, titled "Rendering Contiguous Image Elements." The application discloses rendering an array of contiguous images elements for use, for example, in displaying a series of images on a social-networking profile. According to an embodiment, the images could be one of two sizes, small or large, with large images sized to be a two-dimensional multiple of the size of small images. The algorithm of the '636 application determines the arrangement of the image elements, and it adjusts the placement "so as to preserve the contiguous layout," and it can further adjust in response to user actions such as resizing or resequencing images, while continuing "to ensure an array of contiguous image elements." J.A. 14.

Claim 1 of the '636 patent recites:[1]

1. A method comprising:

by a computing device, determining a sequence of image elements;

by the computing device, determining, for each image element in the sequence, a first position in an array of contiguous image elements, the

---

[1] The Board treated Claim 1 as representative. Facebook acknowledges that the rejected claims rise and fall with the rejection of independent claims 1, 10, and 15. Its arguments also pertain to all three of those independent claims. Accordingly, this opinion discusses only claim 1.

first position being based on a size of the image element, an order of the image element in the sequence, and dimensions of the array;

by a computing device, determining, in response to an instruction to adjust the position or size of a first image element, a second position in the array for at least one second image element, **the second position determined based on a rule requiring the image elements to be contiguous** such that each available image position between the first image element in the sequence and the last image element in the sequence is occupied by an image element; and

by the computing device, providing information to render the array of contiguous image elements.

J.A. 8 (emphasis added).

A patent examiner rejected several claims of the '636 application as anticipated and the remaining claims as obvious, and the Board affirmed. The examiner and the Board relied in part on a patent application filed by Perrodin, which disclosed a method for arranging media content in a digital journal.

Perrodin disclosed an algorithm for placing images on a grid, described as follows:

For example, as the first image is a three by three image, the application places the first image across three cells in both directions (i.e., width and height). The application then marks those cells as being used or allocated. The application then places the second image on the fourth cell of the first row. This is followed by the third image on the fifth cell of the first row. The application then places a fourth image (which is a two by two

image) on the last two cells of the first and second rows. The remaining images are then distributed across each available cell in the grid.

J.A. 115 ¶ 126.

Perrodin further explained that after a user moves an image within the grid, "[t]he application [can] also re-flow[] several of the remaining images across the journal." J.A. 118 ¶ 168. Perrodin depicted this "reflowing" in Figure 19.



Figure 19

J.A. 68. (Figure 18 also depicted the same embodiment, using actual images, rather than labeled boxes.) Figure 19 depicted the effect of a user moving a 2x2 image, labeled 1104 from the fourth position in the grid to the first. With that rearrangement, Perrodin's algorithm first placed image 1104 so as to occupy the first two spaces horizontally as well as the two spaces beneath those.

Perrodin placed the next images so as to fill each of the next grid spaces, filling them horizontally first, then moving to the next row. The result is that 1x1 images 1107 and 1108 fill in the two grid spaces beneath 1104.

The Board adopted the examiner's conclusion that the foregoing disclosures of Perrodin satisfied the "rule requiring the image elements to be contiguous" limitation of the '636 patent. J.A. 6. The Board thus affirmed the examiner's rejections. J.A. 7.

Facebook appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(a).

DISCUSSION

The sole question on appeal is whether Perrodin disclosed "a rule requiring the image elements to be contiguous such that each available image position between the first image element in the sequence and the last image element in the sequence is occupied by an image element" within the meaning of the claims.[2] It did not.

Nothing about Perrodin's algorithm *required* contiguity. It is true that the example depicted in Figures 18 and 19 *happened* to result in contiguity. But that cannot represent a general rule that would demand contiguity for all images, as required by the claims here. For example, the Board's analysis failed to consider what Perrodin would have done if image 1103 in Figure 19 were 2x2. Perrodin's algorithm could not guarantee contiguity.

This shortcoming is made plain in Perrodin's Figure 17, below, which showed the effect of re-sizing image 1103 to be 2x2, while maintaining the same sequence:

---

[2] Both sides agree that the anticipation and obviousness rejections rise and fall together. Appellant's Br. 4, 26; Appellee's Br. 1 n.1.



Figure 17

J.A. 66.

Of course, the claims recite a rule requiring contiguity in response to an instruction to adjust the position *or* size, but the same lack of contiguity would result from Perrodin if image 1103 had already been 2x2 and placed in some other arrangement, and the user simply rearranged the images to arrive at the second sequence depicted.

Because Perrodin's algorithm did not require contiguity in response to resizing or rearranging in all cases, but rather left open the possibility that cells would be left unfilled, Perrodin could not have disclosed the "rule requiring the image elements to be contiguous" of the claims of the '636 application, so we reverse the Board's anticipation and obviousness determinations. We remand for further action as appropriate. Accordingly, the case is reversed and remanded.

**REVERSED AND REMANDED**